## HUNTINGTON *v.* HARTFORD HEEL-PLATE CO.

*(Circuit Court, D. Connecticut.* November 12, 1888.)

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—HEEL-PLATES FOR RUBBERS.**

Letters patent No. 296,623, issued April 8, 1884, to Frederick Richardson, for a die to attach heel-plates to rubber shoes, describe a die having radially placed planes, inclining in opposite directions, their use being to clinch the prongs of the plate through the heel, also in opposite directions. These planes are depressions in and entirely below the upper surface of the die; their object being to bend and clinch the ends only of the prongs, without bending their heavy bases or plugs, which pass through the heel, as that would tear the material, and admit water. The opposite direction of the prongs, when clinched, was claimed to balance the clinching strain, and imbed the plate firmly and evenly. Letters patent No. 369,554, September 6, 1887, issued to Francis H. Richards, for a machine for attaching heel-plates, describe a die with elevations, only two being radially placed, and without any system of regularly arranged planes. The whole prong, which is slender, without any heavy base, is intentionally bent. *Held* that, as the latter invention would not, and was not intended to, perform the important feature of the former, viz., of bending only the end of the prong, it was no infringement, although two of the planes were radially placed.

**2. SAME—MACHINE FOR ATTACHING HEEL-PLATES.**

Letters patent No. 296,624, of April 8, 1884, to Frederick Richardson, for a machine for attaching heel-plates to rubber shoes, are not infringed by letters patent No. 369,554, of September 6, 1887, to Francis H. Richards, for a machine for the same purpose; the peculiar parts of the former being the holder or guide, and the mechanism connected therewith, and neither the plates, clamp, nor spring in the Richards machine, nor the three in combination, being equivalent thereto.

In Equity. On final hearing of bill.

Bill by William H. Huntington to restrain the Hartford Heel-Plate Company from the infringement of two patents, granted to Frederick Richardson, for a machine and die for attaching heel-plates to rubber shoes. A preliminary injunction was granted as to the patent for the die, but refused as to the machine. 33 Fed. Rep. 281. Afterwards the injunction was dissolved on the ground that the die patent had been anticipated by a prior English patent. Id. 838.

*Wm. Edgar Simonds,* for plaintiff.

*Charles E. Mitchell,* for defendant.

SHIPMAN, J. This is a bill in equity, based upon the alleged infringement of two letters patent, Nos. 296,623 and 296,624, which were granted April 8, 1884, to Frederick Richardson; one of said patents being for a die for securing heel-plates to rubber shoes, and the other being for a machine for the same purpose. A motion under this bill for a preliminary injunction was refused as to the machine patent, and was granted as to the die patent, but that injunction was afterwards dissolved. The opinion upon the motion stated the important facts, which had then been disclosed, in regard to each patent, each invention, and the alleged infringing devices. 33 Fed. Rep. 281, 838. Nothing is required to be added in regard to the questions which are at issue upon the machine patent.

The plaintiff insists, inasmuch as there had been previously no machine for securing metallic heel-plates to rubber shoes, that a liberal construction should be given to the patent, and that machines performing the same functions by analogous means should be regarded as infringing devices. The peculiarity of the Richardson machine consists in the mechanism by which the shoe and the heel-plate, which is placed upon the "holder," are held and guided. In the Richards machine there is no equivalent, and no analogous mechanism for holding and guiding. The holding and guiding devices in the two machines are entirely different.

The other patent is the less important one, but, it having received from the experts and from counsel more careful investigation than it had upon the hearing of the motion, I have also examined it with more attention, and do not now think that it is being infringed. The prongs of the Richardson heel-plate were studs, which had enlarged bases, serving as plugs, and flattened clinching ends. The first operation of the die was, in the language of the specification, "to curve the ends of the pins or nails without bending the portion in the material of the heel." Continuation of the pressure clinched the pins, and compressed the rubber around their shanks, so that water could not enter the shoe. The die was so constructed that the ends of the pins only could be bent. The specification says that to insure the bending of the lower part of the pins, without affecting the upper part of the frame, and also to insure the close fitting of the pins in the rubber, the die was provided with radially placed inclined planes, the incline of which was placed in opposite directions, so as to bend the ends of the pins in opposite directions. These planes were depressions in the surface of the die, so that the entire planes were below the upper surface of the die, and consequently the ends only of the pins were bent, and the plugs were intentionally not bent. Continued pressure compressed the rubber around the entire plug. By virtue of the radially placed planes, the clinching surfaces of the die bend and clinch the ends of the pins in a line parallel with the edge of the die block, whereby, it is thought, the rubber is especially compressed between the bent portions and the inner surface of the heel-plate. By a disclaimer, which was recently filed, the owner of the patent disclaimed a heel-die whose inclines are not "faced in opposite directions." These words, the disclaimer explains, mean that some of the inclined clinching surfaces are faced or inclined in a direction substantially opposite to that or those in which other of the inclined clinching surfaces are inclined or faced. This feature is said to be important, so that the clinching strains may be balanced, and the plate may be evenly imbedded in and evenly secured to the heel.

The operative part of the defendant's die consists of projections above its surface, whereby the prongs, which are slender throughout their length, are set in the rubber by one stroke of the plunger. One side, which is the working face, of each projection is concave. The die of ordinary size has five projections, three of which are not radially placed. The highest elevations of the two end projections are on radial lines, centering at the same point. The first operation of the defendant's die is to curve

the ends of the prong, but the entire slender prong is intentionally bent. The die has no system of similarly arranged planes. The defendant construes the patent to be for a set of radially placed inclines, having their faces in opposite directions; the inclines being arranged either in two equal sets, bending the prongs away from each other in each set, or in pairs which bend the adjoining prongs towards each other. If a die contained, in connection with non-radially placed inclines, a single pair of radially placed inclines, which in fact performed the office which the Richardson die performs, I should be disposed to regard such a die as an infringer, although it did not have a complete set of Richardson inclines. But if a die, having irregularly placed inclines, contains also two radially placed inclines, which are or are not isolated from each other, but which do not perform the office which the Richardson die was designated to perform and does perform, I do not think that such a die, although containing radially placed planes, is an infringing die. These inclines cannot do the work of the Richardson die upon the Richardson plate or upon the Richards plate, because they bend the entire shank. If the shank or plug of the Richardson prong should be bent, the heel-plate would be injured or destroyed. The Richards die is designed to bend the entire prong, and is therefore a different thing from the Richardson die. The bill is dismissed.